UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

GE OIL & GAS, INC.                                        *CIVIL NO. 6:14-0760

VERSUS                                                         *JUDGE DOHERTY

TURBINE GENERATION SERVICES, LLC., ET AL.*MAGISTRATE JUDGE HILL

## REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the Motion to Dismiss filed by the defendants, Turbine Generation Services, LLC ("TGS") and Michael Moreno ("Moreno"). [rec. doc. 78]. Following the filing of a Supplemental Memorandum in Support of the Motion [rec. doc. 99], the plaintiff GE Oil & Gas, Inc. ("GEOG") filed Opposition [rec. doc. 100], to which the defendants filed a Reply. [rec. docs. 103]. Oral argument of the Motion, was held and the Motion was taken under advisement.

For those reasons set out below, it is recommended that the Motion to Dismiss be **granted** and, accordingly, this entire action be **dismissed without prejudice** for lack of jurisdiction.

## BACKGROUND, LAW AND ANALYSIS

Motions to dismiss filed under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to adjudicate a case. Fed.R.Civ.P. 12(b)(1). The party asserting jurisdiction bears the burden of proof on a 12(b)(1) motion to dismiss. *Choice Inc. Of Texas v. Greenstein,* 691 F.3d 710, 714 (5th Cir. 2012) *citing Life Partners Inc. v. United States,* 650 F.3d 1026, 1029 (5th Cir. 2011) and *Ramming v. United States,* 281 F.3d 158, 161

(5th Cir. 2001).  Under Rule 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. *In re FEMA Trailer Formaldehyde Products Liability Litigation,* 668 F. 3d 281, 286 (5th Cir. 2012) *quoting Home Builders Ass'n, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998).  A dismissal due to a lack of subject matter jurisdiction is not based on the merits and, accordingly, is without prejudice.  *Id.* at 286 *citing Ramming,* 281 F.3d at 161.

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* at 287 *citing Ramming,* 281 F.3d at 161.

GEOG filed the instant Complaint for Collection of Promissory Note, Recognition of Security Interest in Collateral, Turnover of Collateral and Enforcement of Guaranty against TGS and Moreno on April 7, 2014, alleging diversity jurisdiction under 28 U.S.C. § 1332(a). [rec. doc. 1 at ¶ 4].  Thereafter, on May 16, 2014, TGS and Moreno filed a counterclaim against GEOG. [rec. doc. 7].

Jurisdiction based upon diversity of citizenship is subject to the rule of complete diversity established by the Supreme Court in *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Complete diversity requires that no party in a dispute be a citizen of the same state as any one party on the other side of the dispute. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079 (5th Cir. 2008) *citing McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353

(5th Cir.2004). For the purposes of jurisdiction, diversity of citizenship must exist at the time the complaint is filed. *Mas v. Perry,* 489 F.2d 1396, 1398-99 (5th Cir. 1974); *Grupo Dataflux v. Atlas Global Group, LP,* 541 U.S. 567, 570-571 (2004).

It is undisputed that GEOG is a citizen of both Delaware, its state of incorporation, and Texas, its principal place of business.[1] TGS is a Louisiana limited liability company whose sole member is MOR DOH Holdings, LLC ("MOR DOH"). [rec. doc. 78-2, Ex. A, ¶ 3]. Since the filing of the Complaint, the parties discovered that, at the time of filing, MOR DOH's members included Powermeister, LP ("Powermeister"), a Texas limited partnership, whose general partner is Hockey Stick, LLC ("Hockey Stick"), a Texas limited liability company, and whose limited partner is Kerri M. Scott, a resident and domiciliary of Texas since 1980. [*See* rec. doc. 78-2; 99-4].

Accordingly, it is undisputed that TGS is likewise a Texas citizen for purposes of diversity jurisdiction.[2] [*See* rec. doc. 100, conceding that TGS was not diverse to GEOG at the time the Complaint was filed]. Thus, during oral argument, the parties agreed that this Court lacks diversity jurisdiction over the claims asserted by GEOG in the main demand and those asserted By TGS and Moreno in their counterclaim.

On July 9, 2014, TGS and Moreno filed a Third Party Demand against General Electric

---

[1] "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

[2] The citizenship of a partnership is determined by the citizenship of each of its partners; the citizenship of an LLC is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1079-1080 (5th Cir. 2008) *citing Carden v, Arkoma Assocs.*, 494 U,S. 185, 195-196 (1990) and La. R.S. 12:1301(A)(10); *See also Constantin Land Trust v. Epic Diving and Marine Services, LLC,* 2013 WL 1292275, * 5 (E.D. La. 2013).

Company ("GE"). It is undisputed that GE is a New York corporation with its principal place of business in New York. By Opposition, GEOG and GE urge this Court to retain jurisdiction over the third party demand based on diversity jurisdiction, which is alleged to constitute independent grounds for the exercise of this Court's jurisdiction. In support they cite *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344 (5th Cir. 2004). Although they admit that *McLaughlin* dealt with the Court's jurisdiction over a counterclaim, they assert that the same reasoning should apply to the Court's jurisdiction over a third party demand.

By Reply TGS and Moreno contend that although not raised in their Motion to Dismiss, this Court is duty-bound to address the jurisdictional issue *sua sponte* and accordingly dismiss the third party demand as there is no authority for its retention. *See Howery v. Allstate Ins., Co.,* 243 F.3d 912, 919 (5th Cir. 2001); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). More specifically, they argue that a third party demand is, by its nature, "supplemental", as it is derivative and dependent on the main demand. As such, in the absence of jurisdiction over the main demand, there can be no supplemental jurisdiction over the third party demand, even when the claims derive from a common nucleus of operative facts. *See Arena v. Graybar Electric Co.*, 669 F.3d 214, 222 (5th Cir. 2012). The undersigned agrees.

The Court, like GEOG and GE, has found no binding authority for the exercise of this Court's jurisdiction over a third party demand when subject matter jurisdiction over the main demand is lacking. In fact, the authority found by this Court is to the contrary. *See* 6 Charles

A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1444 ("When there is no subject-matter jurisdiction over the original action between plaintiff and defendant, it cannot be created by adding a third-party claim over which there is jurisdiction."); *Constantin Land Trust v. Epic Diving and Marine Services, LLC,* 2013 WL 1292275, * 5 (E.D. La. 2013) (although diversity existed over the third party demand, noting that a third party demand is by its nature "wholly derivative of and dependent upon [the main demand]", found that "[i]n the absence of a jurisdictionally viable main demand, there can be no supplemental jurisdiction over the third-party demand."); *Fisherman's Harvest, Inc. v. PBS & J*, 490 F.3d 1371, 1374-1375 (Fed. Cir. 2007) *quoting* Wright, Miller and Kane, *supra*. (noting that "a subsequent third-party complaint against the government does nothing to change the jurisdictional inquiries presented by [the main] action."); *Cross Country Bank v. McGraw*, 321 F.Supp.2d 816, 820 (S.D. W. Va. 2004); *S/N1 Reo Ltd. v. City of New London,* 127 F.Supp.2d 287, 296 (D. Conn. 2000).

This is understandable, given the distinction between a compulsory counterclaim and a third party demand, the latter of which is necessarily derivative of the main demand and, as such, cannot be sustained independently thereof. *See S/N1 Reo Ltd.,* 127 F.Supp.2d at 296 fn. 11 *citing* 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure Civil 2d* § 1446 (1990 & 2000 Supp.) (noting that "third-party claims . . . are, by their nature, derivative of the original complaint and often depend for their existence on the success of the plaintiff against the defendant/third-party plaintiff).

Furthermore, even if this Court could retain jurisdiction over the third party demand

under the reasoning of *McLaughlin* as GEOG and GE suggest, the exercise of that jurisdiction would be purely discretionary. *Constantin*, 2013 WL 1292275, at *17 *citing McLaughlin*, 376 F.3d at 355 (and other cases cited therein). While *McLaughlin* does not describe what factors a district court should address when exercising its discretion, the *Constantin* court applied the same statutory factors set forth in 28 U.S.C. § 1367(c)[3] (to the extent they could be applied) and the common law factors of judicial economy, convenience, fairness and comity that apply to claims which are based only on the court's supplemental jurisdiction. *Id.* at *18.

Application of those factors to the instant case weigh in favor of declining jurisdiction. In accordance with the above analysis, this Court never had original jurisdiction over the main demand and, accordingly, dismissal of those claims has been recommended. Moreover, the third party demand is a relatively minor part of the overall litigation. Additionally, there are no exceptional circumstances present in this case for this Court to retain jurisdiction. Therefore, although not directly on point, three of the four statutory factors weigh in favor is dismissal.

With respect to the common law factors, the claims asserted in the main demand are inextricably intertwined with those asserted in the counterclaim and third party demand.

---

[3]Under § 1367(c) the following factors may be consider to decline supplemental jurisdiction:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Indeed, many of TGS' and Moreno's claims in the counterclaim and third party demand overlap their defenses to the main demand. Moreover, retention of this portion of the litigation would result in duplication of effort and pose a substantial risk of inconsistent judgments. As such, for this Court to retain jurisdiction over this relatively minor part of the overall litigation would therefore be contrary to the goals of judicial economy and comity. Finally, convenience and fairness are equal whether this portion of the litigation is adjudicated in state or some other federal court.

## CONCLUSION

Based on the foregoing, it is recommended that the Motion to Dismiss be **granted** and, accordingly, this entire action be **dismissed without prejudice** for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed July 15, 2015, at Lafayette, Louisiana.

*C. Michael Hill*

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE